In re RATHBORNE.

(Supreme Court, Appellate Division, Third Department.   September 23, 1914.)

ELECTIONS (§ 156*)—PRIMARY ELECTION—DESIGNATION OF CANDIDATE—CER
TIFICATE—CANCELLATION.

 Affidavits in support of an order to show cause why the designation of
a candidate for a political office in a primary election should not be canceled, which stated facts on personal knowledge which clearly could not
have been within the personal knowledge of the objector, and contained
numerous conclusions, without stating specific facts on which the court
could base a determination that the conclusions were correct, were insufficient to entitle the objector to relief.

 [Ed. Note.—For other cases, see Elections, Cent. Dig. § 129; Dec. Dig.
§ 156.*]

Appeal from Special Term, Albany County.

Proceeding by Walter L. Rathborne for cancellation of the certificate designating Frederick M. Davenport as candidate for the office
of Governor in the 1914 primary election under the emblem of the
Bull Moose, and as candidate for Governor of the National Progressive Party.   From an order dismissing the proceeding, and overruling the petitioner's objection filed in the office of the Secretary of
State, he appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW
ARD, and WOODWARD, JJ.

Walter L. Rathborne, of New York City, in pro. per.

William M. Chadbourne, of New York City, and Edgar T. Brackett, of Saratoga Springs, for respondent.

PER CURIAM.   The affidavits on which the objector procured
his order to show cause are vague, meager, indefinite, and entirely
insufficient upon which to institute a proceeding for a cancellation of
the certificate.   In the petition facts are stated upon personal knowledge which clearly could not have been within the personal knowledge of the objector.   The papers contain numerous conclusions, but
no specific facts on which the court can base a determination that
the conclusions are correct.   Each of the allegations in the affidavits
presented by the objector is specifically denied by Davenport, the respondent herein.

Upon the argument the objector stated that in his judgment there
was not sufficient time before the primary election for the investigation for which he is now asking, and that it was, therefore, in his
judgment, academic, and that the only reason in prosecuting this
appeal was to have it declared that he had not been guilty of laches.
We have examined the papers carefully in the case, and are of the
opinion that the order of the Special Term must be affirmed, both
on the ground of the laches of the objector in presenting this matter
to the court and also upon the merits.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes